# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN ROBINSON, et al., | CASE NO. CV F 05-1258 REC LJO |
| Plaintiffs, | **ORDER TO SHOW CAUSE WHY SUMMONS AND AMENDED COMPLAINT HAVE NOT BEEN SERVED TO COMPLY WITH F.R.Civ.P. 4(i)** |
| vs. | |
| JOHN W. SNOW, Secretary, United States Department of Treasury, | |
| Defendant. | |

**ORDER TO SHOW CAUSE**

Nine plaintiffs proceed pro se in this action on their amended class action complaint ("amended complaint"). This Court's November 14, 2005 order required plaintiffs "forthwith to serve the summons and amended complaint on defendant and in compliance with F.R.Civ.P. 4(i)(1) and to file proofs of such service." To date, plaintiffs have filed no documents showing return of service on defendant John W. Snow, the United States Attorney General or the United States Attorney for the Eastern District of California to comply with F.R.Civ.P. 4(i).

Accordingly, this Court ORDERS plaintiffs, no later than June 16, 2006, to show cause, in writing, why plaintiffs have failed to file a return of service on defendant John W. Snow, the United States Attorney General or the United States Attorney for the Eastern District of California and to comply with F.R.Civ.P. 4(i).

Plaintiff is advised of the following addresses for service of the summons and amended complaint:

U.S. Attorney General
U.S. Department of Justice
Washington, D.C. 20530

United States Attorney for the Eastern District of California
U.S. Attorney's Office, Civil Process Clerk
2500 Tulare Street, Suite # 4401
Fresno, CA 93721.

This Court lacks the address for defendant John W. Snow to accomplish service of the summons and amended complaint. Plaintiff is responsible to obtain defendant John W. Snow's address to accomplish service of the summons and amended complaint and to otherwise comply with F.R.Civ.P. 4(i).

This Court will vacate this order to show cause if, no later than June 16, 2006, plaintiffs file returns of service on defendant John W. Snow, the U.S. Attorney General and the United States Attorney for the Eastern District of California and otherwise comply with F.R.Civ.P. 4(i).

**Plaintiff is admonished that failure to comply with this order may result in this Court's recommendation to dismiss this action.**

## COMPLIANCE WITH COURT RULES AND ORDERS

In litigating this action, the parties must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. **Failure to comply with the Federal Rules of Civil Procedure, this Court's Local Rules, or this Court's orders, including this order**, will be grounds to dismiss this action or other appropriate sanctions. *See* Local Rule 11-110; F.R.Civ.P. 41(b).

Documents intended to be filed with this Court must be mailed or delivered in person to this Court's clerk. *See* Local Rule 5-133(d)(1). **All documents improperly mailed to a judge's chambers will be stricken from the record.**[1] A document requesting a Court order must be styled as a motion. *See* F.R.Civ.P. 7.

Each document submitted for filing must include the original signature of the filing party or

---

[1] When a document is stricken, it becomes a nullity and is not considered by the Court for any purposes.

parties.  Local Rule 7-131; F.R.Civ.P. 11(a).  **All documents submitted without the required signature(s) will be stricken.**  Each separate document must be separately stapled.  *See* Local Rule 7-130.  If a document is stapled behind another document, it will not be filed and will not be entered on this Court's docket.

All documents filed with the Court must be submitted with an additional legible conformed copy for the Court's use.  *See* Local Rule 5-133(d)(2).  **A document submitted without an extra copy for the Court's use will be stricken.**  If the filing party wishes the Court to return a file-stamped copy, he or she must include an additional copy for that purpose (i.e., submit an original and two copies, one for the Court's use and one to be returned).  **The Court cannot provide copy or mailing service for a party**, even for an indigent plaintiff proceeding in forma pauperis.  Therefore, if the filing party wishes a file-stamped copy returned, the party must also provide an envelope with adequate postage pre-paid.  Copies of documents from the Court file may be obtained at the cost of 50 cents per page.

After any defendant has appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must include a certificate of service stating that a copy of the document was served on the opposing party.  *See* F.R.Civ.P. 5; Local Rule 5-135.  **A document submitted without the required proof of service will be stricken**.  Where a party is represented, service on the party's attorney of record constitutes effective service.

All filings must bear the file number assigned to the action, followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned.  Where plaintiff simultaneously pursues more than one action, he or she must file separate original documents and the appropriate number of copies in each action to which the document pertains.  **Documents submitted listing more than one case number in the caption will be stricken.**

The Court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). The parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court).  **Evidence improperly submitted to the Court will be stricken and returned to the party.**

No discovery may be propounded to a defendant until it files an answer.  Discovery propounded

1 on a party is self-executing, and must be served directly on the party from whom discovery is sought; parties should not file copies of their discovery with the Court. *See* Local Rule 36-250(d). **Discovery documents inappropriately submitted to the court will be stricken.** Where the response to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery, including a copy of the discovery propounded and the response thereto. *See* F.R.Civ.P. 37.

All Court deadlines will be strictly enforced. Requests for time extensions must state the reason the extension is needed and must be filed with the Court before the deadline in question. *See* Local Rule 6-144.

A plaintiff proceeding in propria persona has an affirmative duty to keep the Court and opposing parties informed of his or her current address. If a plaintiff moves and fails to file a notice of change of address, service of Court orders at plaintiff's prior address shall constitute effective notice. *See* Local Rule 83-183(b). If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the Court will not attempt to remail it. **If the address is not updated within 60 days of the mail being returned, the action will be dismissed for failure to prosecute**. *See* Local Rule 83-183(b).

Due to the press of business, the Court cannot respond to individual requests for the status of cases. Any such requests will be denied. So long as the parties inform the Court of any address changes in compliance with Local Rule 83-183(b), the Court will notify the parties of any Court action taken in their case.

**SERVICE OF ORDER**

The clerk of this Court is directed to serve a copy of this order to:

Assistant U.S. Attorney Brian Enos
U.S. Attorney's Office, Eastern District of California
2500 Tulare Street, Suite # 4401
Fresno, CA 93721.

IT IS SO ORDERED.

**Dated:   June 6, 2006**              /s/ Lawrence J. O'Neill
66h44d                                 UNITED STATES MAGISTRATE JUDGE