ANGELA ALIOTO (SBN 130328)
STEVEN L. ROBINSON (SBN 116146)
LAW OFFICES OF JOSEPH L. ALIOTO
AND ANGELA ALIOTO
700 Montgomery Street
San Francisco, CA  94111
Telephone: (415) 434-8700
Facsimile: (415) 438-4638

Attorneys for Plaintiff Tyrone Watson

McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Defendant Henry M. Paulson, Secretary
of United States Department of Treasury

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH ROBINSON, et al., | 1:05-cv-01258-LJO-GSA |
| Plaintiffs, | **STIPULATION TO EXTEND LITIGATION SCHEDULE INCLUDING TRIAL DATE; [PROPOSED] ORDER RE SAME** |
| v. | |
| HENRY M. PAULSON, SECRETARY, UNITED STATES DEPARTMENT OF TREASURY, | |
| Defendant. | |

        Plaintiff Tyrone Watson ("plaintiff") and defendant Henry M.

Paulson ("defendant"), through their counsel of record in this

action, stipulate as follows:

WHEREAS, this case originated as a multiple plaintiff case of employment discrimination which has since developed an immense documentary record.

WHEREAS, pursuant to two court rulings in November and December 2007, only plaintiff Tyrone Watson remains as a plaintiff.  For purposes of this stipulation, these rulings enabled the parties to identify remaining necessary discovery, as well as focus their subsequent discovery efforts on plaintiff Watson's remaining claims. (Doc. 78, Doc. 87) In fact, by January 4, 2008, the parties analyzed and conferred about the remaining necessary discovery regarding plaintiff Watson's claims and stipulated to modify upward the number of allowable depositions relating to these claims from ten to thirteen. (Doc. 91)  The Court endorsed this stipulation by way of formal order on January 8, 2008. (Doc. 92)

WHEREAS, through the parties' diligence and cooperation, all depositions of non-expert witnesses were taken and completed by February 2008.  The parties were able to complete this discovery, (1) despite facing a multitude of logistical challenges over the holiday season, (2) scheduling depositions of witnesses who reside out of state, (3) negotiating a case file including thousands of documents, as well as (4) defendant's (unexpectedly) needing two full days in January and February 2008 by which to complete plaintiff's deposition.

WHEREAS, in large part due to the above exigencies, this action's October 26, 2007 and January 17, 2008 scheduling orders collectively contain the following litigation deadlines relevant

to this stipulation: (1) dispositive motion filing deadline -
February 15, 2008; (2) supplemental/rebuttal expert disclosure -
March 11, 2008; (3) pretrial conference - March 17, 2008; (4)
close of expert discovery - April 3, 2008; and (5) trial - April
29, 2008 (Docs. 74, 95).

WHEREAS, although no settlement conference is currently set
in this action, the parties believe and agree, in light of having
completed discovery, that it would be prudent to attempt to
resolve this case in advance of trial through a settlement
conference other dispute resolution process.  The parties
anticipate agreeing to the logistics of this process within a
week.  In order to maximize its productivity, the parties also
stipulate and agree to participate in such a process in April
2008, and before dispositive motions are filed and after experts
have been deposed.[1]

WHEREAS, the parties have diligently pursued discovery and
cooperatively litigated this matter, both before and subsequent
to the above court rulings.

WHEREAS, despite both parties' diligence and cooperation,
brief extensions of this action's dispositive motion filing
deadline, pretrial conference date and trial date are necessary.
An extension of this action's dispositive motion deadline is
necessary in order to enable the parties an opportunity to
resolve this matter by way of a settlement conference or
mediation absent the expense and time required of filing and

---

[1] To date, plaintiff disclosed an expert economist by his February 14,
2008 deadline.  Defendant will be disclosing a rebuttal economist by its
disclosure deadline on March 11, 2008.

1  ruling on such motions.  An extension of this action's pretrial
2  conference is also independently necessary, because the parties'
3  deadline by which to file timely joint pretrial statements
4  precedes both the close of expert discovery, as well as
5  defendant's rebuttal disclosure date.[2]  As a result, these
6  statements would have to be prepared absent the parties' ability
7  to contemplate expert opinions, or their bases for the same.
8  Finally, a brief (less than two months) extension of this
9  action's trial date is necessary, so that the parties have
10 sufficient time to prepare for trial in accordance with the
11 Court's pretrial order that would be issued after the continued
12 pretrial conference.

13     WHEREAS, after discussing the above issues with plaintiff's
14 counsel in detail, counsel for defendant contacted the Court's
15 chambers about this issue last week, and asked whether the
16 parties should address the above issues with the Court through a
17 stipulation or a teleconference.  Through this contact, the
18 parties understand that they could address these issues with the
19 Court through this stipulation so long as they based their
20 requests on good cause.  They also understand that they could
21 pick a Monday in late June 2008 by which to agree to a continued
22 trial date.  Such a date is specified below.

23     WHEREAS, in light of the ample good cause bases set forth
24 above and as specifically detailed below, the parties request
25

26     [2] In addition, defendant's expert is unable to prepare his economist
27 report early, in that plaintiff Watson's deposition was not completed until
   the first week of February and the second half of his deposition transcript
28 (which heavily addressed damages issues) has not yet arrived from the court
   reporter.

4

1  that the dispositive motion filing deadline, pretrial conference

2  and trial date each be briefly extended.

3      THEREFORE, the parties stipulate that it is in the best

4  interest of all parties and in the interests of justice

5  generally, that the following deadlines be extended as follows,

6  and that the Court endorse this stipulation by way of formal

7  order:

8                              Old Date       **New Date** (May differ

9                                             from parties'

10                                            stipulation)

11  Dispute Resolution Conf: None Set         **April 2008** (to be
                                              agreed by the
12                                            parties)

13

    Dispositive Motion      February 15, 2008 **April 18, 2008**
14  Filing Deadline:

15  Pretrial Conference:     March 17, 2008    **June 3, 2008** at
                                               8:30am
16

17  Trial:                   April 29, 2008    **June 23, 2008** at
                                               9:00am
18

19                     Respectfully submitted,

20  Dated: February 22, 2008          THE LAW OFFICES OF JOSEPH L.
                                      ALIOTO & ANGELA ALIOTO
21
                                      (As authorized 2/22/08)
22

23                                     /s/ Steven L. Robinson
                                  By:  Steven L. Robinson
24                                     Attorneys for Plaintiff

25

26  Dated: February 22, 2008          McGREGOR W. SCOTT
                                      United States Attorney
27

28                                By:  /s/ Brian W. Enos

                                 5

BRIAN W. ENOS
Assistant U.S. Attorney
Attorneys for Defendant

ORDER

IT IS SO ORDERED.

**Dated:    February 25, 2008**            **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

6